UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rebecca L. Nichols, | ) | CASE NO.  5:11CV1265 |
| Plaintiff, | )<br>) | JUDGE JOHN R. ADAMS |
| vs. | )<br>) | |
| FedEx Custom Critical, et al., | )<br>) | **MEMORANDUM OF OPINION<br>AND ORDER** |
| Defendants. | )<br>)<br>) | [Resolving Doc. 24} |

This matter comes before the Court on Defendant RJ Cooper Enterprise's motion for judgment on the pleadings (Doc. 24).  The Court has been advised, having considered the complaint, pleadings, and applicable law.  The motion for judgment on the pleadings is GRANTED. The claims against RJ Cooper are DISMISSED.

**I.     LEGAL STANDARD**

Fed.R. Civ.P. 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings."  The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).  The Sixth Circuit stated the standard for reviewing such a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to

> relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

## II. FACTS

In her complaint, Plaintiff Rebecca Nichols alleges that RJ Cooper has more than 20 employees. Additionally, attached to that complaint is Nichols' sworn charge to the EEOC which indicates that RJ Cooper has fewer than 15 employees.[1] "[I]f a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document." *Natl. Assn. of Minority Contractors, Dayton Chapter v.*

---

[1] While not a part of the Court's consideration, representatives of RJ Cooper appeared at the case management conference in this matter and indicated that the entity never had more than 3 to 4 employees at any time relevant to the complaint.

*Martinez*, 248 F.Supp. 2d 679, 681 (S.D.Ohio 2002) (citing *The Mengel Co. v. Nashville Paper Prods. & Specialty Workers Union*, 221 F.2d 644, 647 (6th Cir.1955)).  As that exhibit makes clear that RJ Cooper is not an employer under the ADEA (29 U.S.C. § 630(b)) or Title VII (42 U.S.C. §2000e(b)), RJ Cooper is entitled to judgment as a matter of law.[2]

**IV.  CONCLUSION**

RJ Cooper's motion for judgment on the pleadings (Doc. 24) is GRANTED.  The claims against this defendant are hereby DISMISSED.

IT IS SO ORDERED.


Date:   February 23, 2011            */s/ John R. Adams*
                                     Judge John R. Adams
                                     UNITED STATES DISTRICT COURT

---

[2] Despite an extension to accommodate new counsel, Nichols has not opposed the motion.